**FALGOUST v. NEW ORLEANS PUBLIC SERVICE, Inc.**

No. 16461.

Court of Appeal of Louisiana. Orleans.

Nov. 4, 1936.

W. J. & H. W. Waguespack, of New Orleans, for appellant.

M. A. Woodruff, of New Orleans, for appellee.

WESTERFIELD, Judge.

This suit results from an intersectional collision between a street car and an automobile. Felix Falgoust, the owner of an automobile which, at the time of the accident, was driven by his son, claims $159 as damages sustained by his automobile, which he alleges to have been caused by the negligence of a motorman in charge of a street car belonging to the defendant, New Orleans Public Service, Inc. Defendant denied all charges of negligence imputed to its servant and averred that the accident was solely due to the negligence of plaintiff's minor son.

There was judgment below in favor of defendant dismissing plaintiff's suit, and he has appealed.

The record indicates that at about 3:30 p. m. on September 9, 1935, Ned L. Falgoust, with six other boys' as passengers, was driving his father's automobile in Washington avenue from the direction of Lake Pontchartrain and towards the Mississippi river when, in the intersection of Washington avenue and Freret street, it collided with a street car owned by defendant and driven by one of its employees.

The original charges of negligence, as set forth in plaintiff's petition, were that the street car failed to stop before entering the intersection and was running at an excessive rate of speed, striking the automobile when it, the automobile, had traversed three-fourths of the intersection. The contention

made in this court, however, is that the motorman failed to accord the automobile the right of way to which it was entitled under the provisions of the traffic ordinance (No. 13702 C.C.S.), and "started his car without looking (it is now conceded that the street car stopped) and thus placed himself in the path of the automobile which had the right-of-way."

According to the provisions of the traffic ordinance which was introduced in evidence by defendant's counsel, Washington avenue enjoys a right of way over Freret street, and, therefore, plaintiff's automobile had the right of way. There is some conflict in the evidence as to the speed of the Falgoust car, the maximum estimate being 45 miles per hour and the minimum 25 miles, but all witnesses are agreed that Falgoust continued at whatever rate of speed he entered the intersection without abating his pace. There is no doubt that the street car stopped in Freret street before entering the intersection with Washington avenue in obedience to a "stop" sign on the pavement at that point, which had been placed there by the police department. There is, therefore, no question of excessive speed on the part of the street car, since it had traveled only a few feet before colliding with the automobile.

Louis Talbot, the motorman, testified that he started his car and had gone about five or seven feet in the intersection when he noticed two automobiles approaching on Washington avenue, one of which stopped, and the other, which proved to be the Falgoust car, drove rapidly by and after entering the intersection skidded sideways on the slippery pavement (it had been raining), the left rear fender of the automobile striking the front end of the street car. Several passengers in the street car corroborated the motorman's testimony, and they are supported by the physical appearance of the automobile as reflected by a photograph introduced in evidence. No damage was done to the front part of the automobile, the left rear fender and the top at a point just above the left rear fender being the damaged part of it.

The motorman was under no obligation to keep his street car at a standstill until all visible traffic in Washington avenue had crossed the intersection, and if, at the time he started the car he was justified in believing that the moving traffic on Washington avenue was at a safe distance from the intersection, he was entitled to proceed. The Falgoust car, if it had been driven with ordinary care, could easily have avoided contact with the street car, even though its speed was undiminished because there was ample room in front of the street car for it to pass in safety. We are convinced that the exaggerated impression of the privilege of traveling on a right of way street which Falgoust evidently entertained, as appears from his testimony, was the cause of the accident. He seems to have thought that the right of way amounted to a right of pre-emption of all intersecting and less favored thoroughfares. He was driving very fast on a rainy day when the pavement was slippery and entered Freret street without consideration of the possible traffic he might encounter until too late, when he unsuccessfully attempted to swerve to the right and into Freret street with the result that his automobile skidded into the street car.

Our conclusion is that the accident was solely due to the negligence of young Falgoust. This was the view entertained by the trial court as reflected by its judgment, and we believe it to be correct.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.